UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES DARNELL SUDBERRY,     Case No. 1:16-cv-525
   Petitioner,

            Barrett, J.
vs.                        Litkovitz, M.J.

WARDEN, LEBANON     **REPORT AND**
CORRECTIONAL INSTITUTION,     **RECOMMENDATION**
   Respondent.

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution (LeCI), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a Rules Infraction Board (RIB) hearing at the Southern Ohio Correctional Facility (SOCF), where petitioner was located prior to his transfer to LeCI. (Doc. 1). Petitioner alleges that he is not guilty of the RIB charges. (*Id.* at PageID 5). He further alleges that the SOCF Search and Rescue Team destroyed his property in the course of searching his cell and that SOCF correctional officers used excessive force against him. (*Id.* at PageID 16–17). Petitioner indicates that he has tried unsuccessfully to exhaust his administrative grievances since being transferred to LeCI. (*Id.* at PageID 18).

      Mr. Sudberry has failed to submit any filing fee or application to proceed *in forma pauperis* along with his "petition." The Court will not enter a deficiency order in this regard, however, because by filing a habeas corpus petition instead of a civil rights complaint Mr. Sudberry is clearly trying to circumvent the previous Orders of this Court barring him from proceeding *in forma pauperis* in civil rights cases. Petitioner acknowledges that he is filing the instant action as an "extraordinary writ of habeas corpus" because "I can't file a[] regular 1983 lawsuit claim because of filing fee or vexatious litigation." (*Id.* at PageID 5). Petitioner

indicates that he can afford the $5.00 filing fee applicable to habeas corpus petitions, but not the $400.00 filing fee for a §1983 lawsuit. (*Id.*).

The Court's review of the petition reveals that Mr. Sudberry is complaining about the results of the RIB proceedings and conditions of confinement at SOCF. A civil rights action pursuant to section 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This is not a habeas corpus case because Mr. Sudberry is challenging neither his state court conviction nor his sentence, nor seeking relief in the form of an immediate or speedier release from imprisonment. Mr. Sudberry may not attempt to cloak his civil rights action under the auspices of § 2254 to gain an exemption from the PLRA fee provisions. *See Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

It is clear that Mr. Sudberry is presenting this case as a habeas corpus petition in an attempt to circumvent the three strike provision of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, which bars him from proceeding *in forma pauperis* in this Court. In accordance with section 804(d) of the Prison Litigation Reform Act, amending 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d).

Mr. Sudberry is prohibited by § 1915(g) from proceeding *in forma pauperis* because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim

2

upon which relief may be granted. *See, e.g., Sudberry v. Ohio Dep't of Rehab. & Corr.,* Case No. 1:05-cv-629 (S.D. Ohio Dec. 16, 2005) (Doc. 6) (dismissed for failure to state a claim for relief); *Sudberry v. Rome,* Case No. 1:07-cv-597 (S.D. Ohio Sept. 20, 2007) (Doc. 6) (dismissed as frivolous and for failure to state a claim for relief); *Sudberry v. Ohio Dep't of Rehab. & Corr.,* Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008) (Doc. 7) (dismissed as frivolous and for failure to state a claim for relief). *See also Sudberry v. Jackson,* Case No. 1:11-cv-431 (S.D. Ohio Aug. 29, 2011) (Doc. 4, 6) (dismissing case pursuant to three-strikes provision); *Sudberry v. Warden,* Case No. 1:10-cv-102 (S.D. Ohio March 4, 2010) (denying plaintiff's *in forma pauperis* application pursuant to three-strikes provision); *Sudberry v. Morgan,* Case No. 1:14-cv-163 (S.D. Ohio Feb. 10, 2015) (Docs. 2, 9) (adopting Report and Recommendation to deny plaintiff's *in forma pauperis* application pursuant to three-strikes provision). The Court is unable to discern from Mr. Sudberry's complaint any facts indicating he is under imminent danger of serious physical injury. He has failed to allege particular facts showing any immediate or specific danger of future serious physical injury. Therefore, he does not meet the exception to section 1915(g) and cannot file this action *in forma pauperis*.

For these reasons, Mr. Sudberry may not proceed *in forma pauperis* in this matter.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea,* 286 F.3d 378, 382 (6th Cir. 2002).

    2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/12/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES DARNELL SUDBERRY,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-525

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).