**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

James D. Sudberry,

        Petitioner,

        v.                                  Case No. 1:16-cv-525

Warden, Lebanon Correctional Institution,        Judge Michael R. Barrett

        Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's May 12, 2016 Report and Recommendation ("R&R"). (Doc. 2).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed objections on May 18, 2016. (Doc. 3).

For the reasons stated below, Petitioner's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's May 12, 2016 R&R.

## I. BACKGROUND

Petitioner James Sudberry is currently an inmate at Lebanon Correctional Institution. Petitioner was previously held at Southern Ohio Correctional Facility ("SOCF"). Petitioner alleges that while he was incarcerated at SOCF, correctional officers destroyed his property and used excessive force against him during a cell search. Petitioner also challenges the results of a Rules Infraction Board ("RIB") hearing at SOCF.

Petitioner brings his claims *pro se* under 28 U.S.C. § 2254 as an "extraordinary writ of habeas corpus." (Doc. 1, PageID 5). In his petition, Petitioner noted that he was barred from filing his claim under 42 U.S.C. § 1983 "because of [a] filing fee or [other] vexatious litigation." (*Id.*) Petitioner did not submit a filing fee or an application to proceed *in forma pauperis*.

The Magistrate Judge recommends that Petitioner be ordered to pay the full filing fee required to commence his action. After a review of Petitioner's claims, the Magistrate Judge concluded that this is not a habeas corpus case, and Petitioner should have brought his claims under 42 U.S.C. § 1983. The Magistrate Judge concluded that Petitioner filed his claims as a habeas petition to avoid the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

## II. ANALYSIS

The Supreme Court has held that a prisoner in state custody "cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245, 161 L.Ed.2d 253 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). In addition, a plaintiff may not bring a civil rights action under 28 U.S.C. § 2254 in order to circumvent the three strikes provision in the PLRA, which forbids an action from proceeding *in forma pauperis* if the plaintiff has brought more than three lawsuits that were frivolous, malicious, or failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(g). Petitioner is ineligible to bring additional actions *in forma pauperis* under § 1915(g). As the Magistrate Judge explained, Petitioner has had three of his cases dismissed as being frivolous or for

2

failing to state a claim; and in two of his cases, Petitioner's application to proceed *in forma pauperis* was denied under § 1915(g).  (See Doc. 2 at PageID 21) (collecting cases).

Petitioner cannot disguise his claims as a habeas corpus case under § 2254 in order to avoid paying the full filing fee imposed by the PLRA. *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) (holding a district court must assess filing fees if a prisoner cloaks a civil action under § 2554 or § 2255).  Petitioner has previously attempted to file a civil action under a habeas corpus claim to avoid court filing fees. *Sudberry v. Morgan*, Case No: 1:14-cv-163 (S.D. Ohio Feb. 10, 2015) (Doc. 5).

In his objections, Petitioner does not dispute that he had prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted, but instead argues that he falls under the imminent danger exception to 28 U.S.C. § 1915(g).  Petitioner alleges additional, previously unreported civil rights violations by the Search and Rescue Team (SRT) at SOCF.  (Doc. 3, PageID 24).  These new allegations are general and unspecified, except that Petitioner alleges he was placed "in a cell that reached 124ºF [and he] had a heat-stroke nearly almost dying."  (*Id.*)  Petitioner does not explain whether this alleged incident happened prior or subsequent to the events listed in the original petition.

To satisfy the imminent danger exception, a plaintiff must both (1) satisfy a temporal requirement and (2) meet a reasonableness standard. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  To meet the first requirement, the plaintiff must sufficiently allege that "the threat or prison condition [is] real and proximate and the danger of serious physical injury…exist[s] at the time the complaint is filed." *Id.* (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). The threat of danger

must be contemporary or in the future; "[a]llegations of past dangers are insufficient to invoke the exception." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). In his petition, Petitioner does not allege particular facts suggesting any specific future danger of harm; instead, he outlines an alleged incident which previously occurred at SOCF. (Doc. 1, PageID 16-18). In the objections, Petitioner describes prior incidents and one undated allegation regarding the temperature of his cell at SOCF. (Doc. 3, PageID 24-25). Moreover, Petitioner was transferred to Lebanon Correctional Institution before he filed his petition. "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception." *Vandiver*, 727 F.3d at 585. Therefore, the claims pertaining to Petitioner's incarceration at SOCF do not satisfy the temporal element of the imminent danger exception to § 1915(g).

## IV. CONCLUSION

The Court hereby **ADOPTS** the Magistrate Judge's May 12, 2016 R&R (Doc. 2). Accordingly, it is **ORDERED** that:

1. Petitioner is ordered to pay the full $400 fee required to commence his action within thirty (30) days, and any failure to pay the full $400 within thirty days will result in the dismissal of Petitioner's action; and

2. This Court certifies that an appeal of this Order will not be taken in good faith.

**IT IS SO ORDERED.**

                           */s/ Michael R. Barrett*
                           Michael R. Barrett
                           United States District Judge