**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES DARNELL SUDBERRY,            Case No. 1:16-cv-525
    Petitioner,

                                                       Barrett, J.
vs.                                                     Litkovitz, M.J.

WARDEN, LEBANON                    **REPORT AND**
CORRECTIONAL INSTITUTION,        **RECOMMENDATION**
    Respondent.

On May 5, 2016, petitioner filed a petition for a writ of habeas corpus in this case. (Doc. 1). In the petition, petitioner challenges a Rules Infraction Board hearing at the Southern Ohio Correctional Facility, where petitioner was formerly incarcerated.

On May 12, 2016, the undersigned issued a Report and Recommendation, finding that the petition is not properly construed as a habeas corpus petition because petitioner does not challenge his state court conviction or sentence and does not seek relief in the form of an immediate or speedier release from imprisonment. (*See* Doc. 2). It was further noted that petitioner could not attempt to circumvent the three-strike provision of the Prison Litigation Reform Act (PRLA) by attempting to cloak his civil rights action under the auspices of a habeas corpus petition. Because petitioner is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), the undersigned recommended that petitioner be ordered to pay the full $400 filing fee within thirty days.

On July 23, 2018, the Court adopted the Report and Recommendation and ordered that petitioner pay the full filing fee within thirty days. Petitioner was advised that "failure to pay the full $400 within thirty days will result in the dismissal of Petitioner's action." (Doc. 4 at PageID 29).

To date, more than thirty days after the Court's July 23, 2018 Order, petitioner has failed to comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's July 23, 2018 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 8/28/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES DARNELL SUDBERRY,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-525

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).